```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

UNITED STATES OF AMERICA      )
                              )
         v.                   )
                              )      1:08cr101(JCC)
MOHAMMAD ALAZZAM,             )
                              )
     Defendant.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Government's Motion in Limine to admit into evidence the Defendant Mohammad Alazzam's ("Defendant's" or "Alazzam's") signed Statement of Facts in the Government's case-in-chief. For the reasons stated below, the Court will grant the Government's Motion.

## I. Background

Defendant Mohammad Alazzam ("Alazzam" or "Defendant") is charged with conspiracy to distribute ecstacy and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, 960(b)(1)(B) and 960(b)(3). (Gov.'s Mot. 1.) Additionally, Alazzam is charged with conspiracy to distribute 1015 tablets of ecstacy in violation of 21 U.S.C. § 841(a)(1). *Id*. On May 7, 2008, Alazzam signed a plea agreement in which he pled guilty to count one of the criminal indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance,

1

in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Gov.'s Mot. Ex. A ¶ 20.)  Alazzam's plea agreement incorporated the facts set forth in a statement of facts attached to the plea agreement ("Statement of Facts") (Gov.'s Mot. Ex. A ¶ 3; Gov.'s Mot. Ex. B.)  Paragraph 20 of the plea agreement provided that the agreement was "effective when signed by the defendant, defendant's attorney and an attorney for the United States." (Gov.'s Mot. Ex. A ¶ 20.)  Moreover, it provided that:

> If the defendant withdraws from this agreement . . . or otherwise violates any provision of this agreement, then
>
> . . . .
>
> . . . [t]he defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

(Gov.'s Mot. Ex. A ¶ 20.)

On May 12, 2008, the Court transferred this case to the District of Connecticut pursuant to Federal Rule of Criminal Procedure 20.  (Gov.'s Mot. 3.)  On September 24, 2008, Alazzam pled guilty to the charges brought against him before United States District Judge Peter C. Dorsey in Connecticut.  (Gov.'s Mot. 3.)  The parties do not dispute that Alazzam entered into the plea agreement knowingly and voluntarily.  On January 9,

2

2009, Alazzam moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d) on the basis that he realized that he was innocent of the charges alleged during his discussions with the U.S. Attorney's Office in Virginia regarding his possible cooperation. (Gov.'s Mot. 3.)  In May 2009, United States District Judge Stefan R. Underhill in Connecticut granted Alazzam's motion to withdraw. (Gov.'s Mot. 3.)  Subsequently, Judge Underhill denied the Government's motion for reconsideration of his decision and granted the Government's motion to return Alazzam's case to this Court on July 6, 2009. (Gov.'s Mot. 3-4.)

In its Motion in Limine, the Government argues that the signed Statement of Facts is admissible in its case-in-chief because (1) it is an admission by a party-opponent under Federal Rule of Evidence 801(d)(2) not protected from evidentiary use by Federal Rule of Evidence 410 ("Rule 410") or Federal Rule of Criminal Procedure 11(f) ("Rule 11(f)"); and (2) Alazzam knowingly and voluntarily waived any right to exclude or suppress the Statement of Facts in a subsequent trial by entering into the plea agreement which specifically waived those rights. (Gov.'s Mot. 6-7.)  Alazzam opposed the motion on September 16, 2009. The Government filed its reply on September 18, 2009.  The motion was argued on September 22, 2009.  The Government's motion is before the Court.

**II. Analysis**

A.  <u>Party Admission under Federal Rule of Evidence 801(d)(2)</u>

While admissions by a defendant, party-opponent, are ordinarily admissible under Federal Rule of Evidence 801(d)(2), such admissions made by a defendant during plea discussions are inadmissible in a subsequent trial pursuant to Rule 11(f) and Rule 410.  Fed. R. Crim. P. 11(f); Fed. R. Evid. 410.  The Government contends that Alazzam's signed Statement of Facts should be admissible in a subsequent trial because it is a *product* of completed plea discussions rather than statements made in the course of plea discussions.  (Gov.'s Mot. 5.)  In his opposition, Alazzam concedes that the Statement of Facts is, in fact, a product of plea discussions but it is also part of the plea discussion itself, and thus should be excluded.  (Def.'s Resp. in Opp. 2.)  The Government states that had Alazzam never signed the plea agreement, then the Statement of Facts would not have been admissible against him.  (Gov.'s Reply 1.)  However, the Government argues that when Alazzam and his attorney signed the plea agreement on May 7, 2008, the Statement of Facts "constituted the product of completed negotiations" which is no longer protected by either Rule 410 or Rule 11(f).  (Gov.'s Reply 1.)  The Court finds this argument unconvincing.

In this case, the plea agreement reflects and includes the statements made by Defendant during plea discussions.

(Gov.'s Mot. Ex. A ¶ 3) ("The defendant admits the facts set forth in the statement of facts filed with this plea agreement . . . [t]he statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines."). Unless otherwise waived by Defendant, the signing of the plea agreement should not automatically take away the evidentiary protection that the Statement of Fact should receive under Rule 410 and Rule 11(f).  The Court finds that the Statement of Facts in this case, executed in conformity with the plea agreement, "clearly embraces statements made as a part of the plea agreement process."  *See United States v. El-Amin*, 268 F.Supp. 2d 639, 641 (E.D. Va. 2003).  Thus, the Court rejects Government's argument that the Statement of Fact attached to an executed plea agreement no longer constitutes statements made during plea discussions.

B.   Waiver

The Government claims that, even if the admissions Alazzam made in the Statement of Facts were governed by Rule 410 or Rule 11(f), Alazzam has knowingly and voluntarily waived his right to exclude or suppress the Statement of Facts when he entered into the plea agreement.  (Gov.'s Mot.6-7.)  The Court agrees with the Government and finds that the waiver language contained in Alazzam's plea agreement is valid and enforceable.

5

The plea agreements, including the one at issue, are governed by contract law principles. (Gov.'s Mot. 7; Def.'s Resp. in Opp. 3). Thus, the parties to the plea agreement should receive the benefit of their bargain. *See United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993). Because a plea agreement implicates defendant's fundamental and constitutional rights, the Court acknowledges that its analysis of the plea agreement or a breach thereof should be "conducted with greater scrutiny than in a commercial contract." *See United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997).

The Supreme Court in *United States v. Mezzanatto*, 513 U.S. 196 (1995), addressed the validity of Rule 410 and Federal Rule of Criminal Procedure 11(e)(6) (now Rule 11(f)) waiver that would render defendant's statements made in the course of plea discussions admissible. The Court held that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." *Id.* at 210. Though the holding in *Mezzanatto* was limited to impeachment use, *id.* at 211 (Ginsburg, J., concurring), some courts have extended this holding to enforce case-in-chief waivers. For example, the D.C. Circuit found that the principles that supported the decision in *Mezzanatto* "do not countenance drawing any distinction in [the] case between

6

permitting waivers for purposes of impeachment or rebuttal and permitting waivers for the prosecution's case-in-chief." *United States v. Burch*, 156 F.3d 1315, 1321-22 (D.C. Cir.1998); *see also El-Amin*, 268 F.Supp.2d at 642 (holding that the statement of facts signed by the defendant during plea negotiations were admissible pursuant to waiver in the plea agreement which provided that "the United States may offer the Statement of Facts as evidence in its case in chief"); *United States v. Mitchell,* 2009 WL 1393138 at*4 (D. Utah 2009) (allowing the Government to present the statements made by Defendant in the "Statement in Advance of Plea" in Government's case-in-chief because defendant knowingly and voluntarily waived the protections in his plea agreement).  Neither party in this case argues that the plea agreement was entered into by Alazzam unknowingly or involuntarily.  There is no evidence that the Government demanded the case-in-chief waiver as a "pre-condition to negotiate a plea agreement in the first place."  (Gov.'s Reply 15.)  Thus, the Court finds that the plea agreement in this case constitutes a binding contract.  As in *Burch, El-Amin* and *Mitchell*, Alazzam's knowing and voluntary waiver of his rights under Rule 11(f) and Rule 410 is valid and enforceable.

     Alazzam next argues that the kind of withdrawal contemplated by the plea agreement is not a court-condoned withdrawal but "a breach by a defendant along the lines of the

7

types of conduct listed in the initial section of Paragraph 20." (Def.'s Resp. in Opp. 3.) As an initial matter, the Court sees no distinction between a withdrawal by Defendant and a court-condoned withdrawal. Had Alazzam not taken the initiative to file a motion to withdraw on January 9, 2009, Judge Underhill would not have let Alazzam withdraw from the plea agreement. Moreover, the Court finds that the plain language of Paragraph 20 not only provides for a waiver in the event of a breach but also in the event of Defendant's withdrawal from the agreement. Paragraph 20 of the plea agreement unambiguously states that if Defendant "*withdraws from this agreement*, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete or misleading testimony or information, or otherwise violates any provision of this agreement," then he "waives any right to claim that statements made before or after the date of this agreement, including *statement of facts accompanying this agreement* or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed" under Rule 410 and Rule 11(f). (Gov.'s Mot. Ex. A ¶ 20) (emphasis added). Thus, based on a plain reading of the plea agreement, the Court finds that Alazzam agreed to waive his rights to exclude the statement of facts in a subsequent trial and the Government may use the signed Statement

8

of Facts at trial.

Lastly, Defendant requests the Court to exclude the signed Statement of Facts as it is more prejudicial than probative pursuant to Federal Rule of Evidence 403.  While "all admissions by a defendant in a criminal case are prejudicial," this Court finds that the Statement of Facts in this case is nothing atypically inflammatory to warrant exclusion.  *See El-Amin*, 268 F.Supp 2d at 641-42.  Thus, the Court finds that Defendant's admissions reflected in the Statement of Facts are highly probative and not substantially outweighed by prejudicial effect it would have on Defendant.

### III. Conclusion

For the foregoing reasons, the Court will grant the Government's Motion in Limine to introduce Defendant's signed statement of facts in its case-in-chief.

An appropriate Order will issue.


September 29, 2009                              /s/
Alexandria, Virginia                 James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE

9